Tr. Ct. No. W03-25657-U(A)          WR-81,972-04

$81,972-04

EX PARTE                          §          IN THE COURT OF CRIMINAL

                                  §                APPEALS OF TEXAS

BOBBY DREW AUTRY                              AT AUSTIN, TEXAS

SUPPLEMENTAL ADDENDUM TO

THE ORIGINAL WRIT OF HABEAS CORPUS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 16 2015

Abel Acosta, Clerk

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, BOBBY DREW AUTRY, the applicant herein and files this supplemental addendum to the original writ of habeas corpus.

This supplemental addendum is made because the original writ of habeas corpus contains points in support of Ineffective Assistance of Counsel and a "No Evidence" conviction, and would show this Honorable Court through further investigation the record would reflect that the judgment herein is void.

I

The State makes clear that the applicant brought up only one (1) ineffective assistance of counsel issue. That was failing to address the Court of the applicant's mental history. The applicant's counsel failed in many other areas as well. These issues were not available to the applicant previously due to him not being educated in the practice of law and is a "pro se" litigant. Upon further review of the documents the applicant has been able to obtain it has became clear of the following:

The petitioner/applicant asserts that he was denied the effective assistance of counsel in that counsel failed to object to the State's use of the judicial confession. He failed to motion to suppress the applicant's claimed confession.

1

He failed to investigate the applicant's mental history. He failed to request a psych evaluation, competency hearing, or a presentence investigation. Bouchillon v. Collins, 907 F.2d 589(CA 5 1990)[omitted.] The applicant's attorney has a duty to investigate all lines of a defense. Strickland[.] He failed to inform the applicant of his privilege against compulsory self-incrimination grararanteed by the Fifth Amendment and applicable to the States by way of the Fourteenth Amendment. He failed to inform the applicant of the State's burden of proof responsibility. He failed to advise the applicant of the advantages and/or disadvantages of pleading guilty or going to trial. He failed to discuss the options available to the applicant. He failed to inform the applicant of his absolute right to confront his accuser's. He failed to support his own Omnibus Pretrial Motion in which there was a request for a sub rosa hearing to determine the admisability of any confessions. He failed to examine any Grand Jury testimony of the alleged victim. [There was no Grand Jury testimony from any alleged victim]. He failed to object when the State informed the Court that the witnesses had recanted. He failed to motion for a directed verdict of not guilty when the recantations were learned of. He failed to inform the applicant of his right to withdraw when the recantations were learned of. He simply failed to challenge the State's case at all. He merely entered a "pro forma" appearance. Fisher v. Gibson, 282 F.3d 1283(CA 10 2002)[.] He failed to impeach the State's witnesses. He failed to motion for a "live hearing" to determine credibility when the recantations were made clear.

2

In cases involving a recantation by a complainant or a witness, counsel should request a "live hearing" because credibility is always a key issue. The importance of a trial Court's finding on credibility is amply demonstrated by the Court's brief opinion granting relief in; Ex Parte Harmon, 116 S.W.3d 778(Tex. Crim. App. 2002), in Harmon, the applicant alleged that he was actually innocent as demonstrated by the complainant's affidavit in which she stated that her trial testimony was false.

## II

The State held no supporting evidence for the judicial confession. The State had no relevent evidence other than the judicial confession. A no evidence conviction is cognizable in a writ of habeas corpus, however, a claim of no evidence is only cognizable where there is no evidentiary support for the conviction. See; Ex Parte Parales, 215 S.W.3d 418, 419-20(Tex. Crim. App. 2007), and with the recantations there is no supporting evidence. Therefore the State's assumption that they held evidentiary support for the conviction is in error. It is a Constitutional error to admit evidence that is "totally without relevance." See; Nelson v. Brown, 673 F.Supp.2d 85(2009). The due process clause of the XIV Amendment to the U.S. Constitution requires every State criminal conviction to be supported by evidence that a rational trier of fact could accept as sufficient to prove all of the elements of the offense charged beyond a reasonable doubt. [Recantations Raise Doubt]], See; Jackson v. Virgina, 443 U.S. 301, 99 S.Ct. 2781; In Re Winship 397 U. S. 358, 90 S.Ct. 1968(1970); Sanders v. State, 119 S.W.3d 818 (Tex. Crim. App. 2003). The Jackson standard states that the

3

applicant's due process rights are violated when the applicant is convicted on insufficient evidence because "the most elemental of due process rights is freedom from a wholly arbitrary deprivation of liberty." Jackson at 319. Each element of the offense must be proven beyond a reasonable doubt for the evidence to be sufficient. See; Calton v. State, 176 S.W.3d 231, 233(Tex. Crim. App. 2005). The reporter's record reflects that the judicial confession is the "signed written" confession of the applicant. This is error. The applicant did not write any statements or confessions. Erin HOdge developed this judicial confession on a computer even before the indictment was issued. Tex. Code Crim. Proc. Art. 38.22 sec. 2. For purposes of determining, under the due process clause of the Federal Constitution's Fourteenth Amendment, whether a State criminal defendants confession has been coerced. (1) a finding of coercion need not depend upon actual violence by a government agent; (2) a credible threat is sufficient; (3) coercion can be mental as well as physical; and (4) the blood of the accused is not the only hallmark of an unconstitutional inquistion. See; Arizona v. Fulminante (1991) 499 U.S. 279, 113 L.Ed.2d 302, 1991 US LEXIS 1854, S.Ct. 1246. The applicant was on heavy doses of psychotropic medications during this hearing. Medications prescribed by the Mental Health Staff of Parkland Jail Health, contracted by the County of Dallas. A State's failure to follow its own law is a violation of Federal due process. United States Const. Amend. XIV; Hicks v. Oklahoma, 447 U.S. 343(1980).

4

III

Under Texas Code of Criminal Procedure, Article 11.07, application for writ of habeas corpus to the Court of Criminal Appeals Instructions, 6. states that you must include all grounds for relief on the application. 17. states If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds. The applicant's ground number four (4) states that he received a ten (10) year probation. During this hearing he did receive a ten (10) year probation for cause numbers W03-25713-U(A) and W03-25714-U(A) or which he has filed previously in this Honorable Court. This ground is on the applicantion pursuant to the rules. The applicant's current judgment restraining his liberty is void. Becoming so on or before January 25, 2008. The writ of habeas corpus is the fundamental instrument for safe-guarding individual freedom against arbitrary and lawless State action. See; Harris v. Nelson, 394 U.S. 286, 22 L.Ed.2d 281, 89 S.Ct. 1082(1969).

Procedural Due Process:

Basically, we think of procedural due process in terms of "notice," and the opportunity for a "full and fair hearing." Procedural due process also means the opportunity to be heard by an unbiased judicial platform. In the area of criminal law, when the government seeks to deprive the person of his liberty, we afford the greatest procedural safeguards to ensure a fair trial. See; Morrissey v. Brewer, 408 U.S. 484, 32 L.Ed.2d 484, 92 S.Ct. 2539, 2600(1972).

Substantive Due Process:

Historically, the guarantee of substantive due process was meant to secure the individual from the arbitrary exercise of

5

powers of government. See; Daniels v. Williams, 474 U.S. 332 106 S.Ct. 662, 665 88 L.Ed.2d 662(1986). "It concerns the deliberate decision of government officials to deprive a person of life, liberty, or property. The term "liberty" used in the Fourteenth Amendment is not defined in the text." Yet the concept of substantive due process is rooted in the term "liberty." Personal liberty is more than actual physical restraint and includes the concept of "fundamental rights" from arbitrary deprivation by state governments.

Under both Procedural Due Process, and Substantive Due Process, the applicant's individual rights to freedom from arbitrary action were violated deliberately and knowingly. This is Official Misconduct. Tex. Code Crim. Proc. Art. 3.04 sec. (1).

When the applicant was restrained, (rearrested), January 25, 2008 without being taken before a magistrate is Constitutional error. "Failure to take accused before magistrate promptly following his warrantless arrest as required by State Law rises to the level of Constitutional Error." See; Whitaker v. Estelle, 96 S. Ct. 140, 509 F.2d 194(CA 5th Tex. 1975); T.C.C.P. Art. 14.06. See also applicant's "Written Objection" dated January 25, 2008.

IV

Cognizable claims on State habeas actions are limited to claims of "Jurisdictional or Fundamental defects and Constitutional claims." See; Ex Parte Graves, 70 S.W.3d 103(Tex. Crim. App. 2002 ). A claim of denial of counsel may be based on an assertion of either an actual denial or a constructive denial occuring at a

6

critical stage. Denial of counsel at any critical stage of the proceedings entitles the writ applicant to relief. Ex Parte Sanders, 588 S.W.2d 383(Tex. Crim. App. 1979). A motion to revoke probation is considered a critical stage in Texas. See; Ex Parte Richardson, 496 S.W.2d 611(Tex. Crim. App. 1973). When the Court ordered the applicant to remain in jail on January 25, 2008, with a modification of his original plea bargain agreement and a modification of his probation conditions it was a breach of contract. See; U.S. v. Garcia, 606 F.3d 209(CA 5 2010), "Plea bargain agreements are contractual in nature and are to be construed accordingly." They bind the parties, and more importantly, the Court, too, is bound "once it accepts the plea agreement." Id at 215. See also; "Modified Conditions of Probation" and original "Conditions of Probation."

This case went before the Honorable Rick Magnis and was issued an "order designating issues" on August 14, 2014. This is after he recused himself from the case for being to personally involved. See; Order to transfer case dated April 23, 2010.

V

On direct appeal the appellate attorney did not investigate the revocations from January 2008 or from the revocations from December 2009 through November 2010. Failure to investigate. The outcome would have been a dismisal due to the void judgment. See; Autry v. State, NO. 05-11-00217--00218-CR, 2012 Tex. App. LEXIS 4242(Tex. App.--Dallas May 29, 2012, no pet.).

7

## CONCLUSION

If it appears that the applicant is detained or held under a warrant of commitment which is void, he shall be discharged. The applicant did not waive the right to confront, or the preperation of a presentence investigation report (PSI). Art. 1.15, Tex. Code Crim. Proc. does not apply to the punishment phase. The applicant did not waive his right to confront, or cross-examine his accusers . "The right of confrontation and cross-examination is a significant constitutional right, just like the right to remain silent." The Supreme Court has held that a waiver of the privilege against self-incrimination pursuant to a guilty plea does not waive the privilege at sentencing. See; Mitchell v. United States, 526 U.S. 314(1999). Right to confront. See; Crawford v. Washington, 541 U.S. 36, 42(2004); also Pointer v. Texas, 380 U.S. 400, 403(1965).

The State, by and through her Assistant District Attorney, Erin Hodge, stated during the "off the record" break in the record from the hearing on April 13, 2004, that the alleged victims / witnesses had recanted and maintained that they wrote no statements against the applicant. This is exculpatory evidence. T.C.C.P. 2. 01, and Official Misconduct T.C.C.P. 3.04(1).

The State, by and through the Honorable Rick Magnis, violated several due process rights, constitutional laws, and Tex. Code Crim. Proc. Art. 1.04, 3.04, 2.03, 14.06, 15.17, 26.13, 27.03, 27.08 , 42.12 sec. 10, 42.12 sec. 21, and 42.12 sec. 22..

In all matters listed herewithin being true and indisputable, available in the record, the applicant should be discharged.

8

After considering all evidence, (As seen from the indisputable record), this Honorable Court determines evidence insufficient to support the conviction the remedy is reversal with an order of judgment reformed to reflect acquittal. See; State v. Morse, 903 S.W.2d 100, 104(Tex. App.-- El Paso 1995).

To sustain a guilty verdict the evidence must establish same beyond a reasonable doubt and if evidence raises only a suspicion of guilt (even a strong one), it is insufficient. See; Urbano v. State, 837 S.W.2d 114, 115-16(Tex. Crim. App. 1992)en banc, reh. den.. A conviction based solely upon lack of relevant evidence results in a Denial of due process of law. See; Alvarado v. State, 912 S.W.2d 199, 206-07(Tex. Crim. App. 1995), Wall v. State, 417 S.W.2d 59, 63(Tex. Crim. App. 1967), Sanchez v. State, 32 S.W.3d 687, 701(Tex. App. -San Antonio), reh. den. In Re Winship, 397 U.S. 358, 364(1970). U.S. Const. Amend's. VI and XIV.

In the case at bar, the accusation said he did, the recantation said he did not. Such lack of consistency, believability, and or credibility, and what appears to be fabrication, cannot begin to approach proofs beyond a reasonable doubt and hence, both factually and legally, there was insufficient evidence to sustain the evidentiary support for the judicial confession and the applicant's conviction.

In this instant writ there was insufficient evidence which would have led a reasonable jury to conviction since the witness recanted. This not only deprived the applicant of a verdict based on sufficient evidence, but also deprived him of due process of law.

9

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the applicant prays that this Honorable Court grant this leave to file, and to consider the points raised in this addendum in conjunction with the original writ of habeas corpus in order that the applicant be afforded his rights of a fair trial, due process of law and due course of law, as provided by the Constitution of both the United States and Texas, as well as the Texas Code of CRiminal Procedure. He requests for this Honorable Court to grant a vacatur of his original plea, and the opportunity to plead anew, or in the alternative he requests relief at law and/or in equity, general and/or specific for which he is justly entitled.   HE SO PRAYS...

BOBBY DREW AUTRY #1701196
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas    78102

Dec. 14, 2015

Date Signed:

10

_Bobby Drew Autry_ (signature)

Bobby Drew Autry #1701196

William G. McConnell Unit

3001 S. Emily Drive

Beeville, Texas      78102


### INMATE'S DECLARATION

I, Bobby Drew Autry, the petitioner herein, being incarcerated in the Texas Department of Criminal Justice - ID on the McConnell Unit in Beeville, Texas, do hereby state under penalty of perjury that the above stated petition is true and correct to the best of my knowledge.

_Bobby Drew Autry_ (signature)

Bobby Drew Autry #1701196

_Dec. 14, 2015_

Date Signed:


### CERTIFICATE OF SERVICE

I, Bobby Drew Autry, the petitioner herein, being duly sworn above do certify that a true and correct copy of the forgoing petition was placed in the mail system in the McConnell Unit mailbox in Beeville, Texas 78102 on the Date Signed Below, and served on: Court Clerk - 291ST Judicial District Court, Frank Crowley Courts Building, 133 N. Riverfront Blvd., Dallas, Texas 75207,; and to Court of Criminal Appeals, Abel Acosta - Court Clerk, P.O. Box 12-308 Capitol Station, Austin, Texas 78711,,,

_Bobby Drew Autry_ (signature)

Bobby Drew Autry #1701196

_Dec. 14, 2015_

Date Signed:

11